THIS was an action brought by Hays Dickey in the circuit court, to recover of Evans for the trover and conversion of a horse.
It appears, that as constable of Mercer county, Evans, in virtue of an attachment which issued from a justice of the peace for Mercer county, in favor of a certain Daniel Gaiaway, seized the horse in question, and made return thereof on ihe attachment to the justice ; that the justice in consequence of the return, rendered judgment on the attachment in favor of Gala-way* and issued his order to Evans, the constable, commanding him to make sale of the horse in satisfaction ot the judgment; that thereafter the plaintiff, Hays Dickey, claimed the horse as his property, and the constable, Evans, summoned a jury to enquire into the right asserted to the horse by Hays Dickey, and after hearing the evidence of the parlies, the jury were unable to agree, and finally dispersed without rendering any verdict. It moreover appears, that after ascertaining the jury could not agree on a verdict, the constable sold the horse at public auction; and this action of trover and conversion was brought against him by the claimant of the horse, (Hays Dickey,) for taking and sailing the horse.
It seems that where property on which an ex ecution is levied,is claimed by other persons, it‘ the officer empanneis a jury and they disagree, that disagreement protécts him to the same extent that their finding a verdict a gainst the . claimant would have done.
2 Dig, 104/
The preceding facts were proven on the trial in the circuit court; and on the motion of Evans, the court instructed the jury, that a jury having been impanneled and sworn by the constable to try the right of property, and failing to agree and return a verdict in favor of the plaintiff, no action could be maintained agajnst the constable for taking and selling the horse.
The correctness of these instructions, is the main inquiry presented for the determination of this court.
2. The instructions would be, no doubt, untenable, were they to be tested exclusively by the law, as it stood prior to the passage of the act of December; 1303, 3 Litt. 144. For prior to that time, an officer at his peril, was bound in the execution of an attachment, to seize the estate of the person against whoiri the attachment issued; and if, instead'of so doing, the officer should attach the property of any other, he would be compellable to compensate in damages, the person whose property was so illegally taken. But it is contended, that the act alluded to has made an alteration in the law as to the liability of officers, and it is urged, that since then, no action can be maintained against an officer for seizing and selling the property of a stranger, where, as in this case, before the sale the property is claimed and a jury called to enquire into the right, unless the claim asserted should be established by the verdict of the jury 3 and the property thereafter sold by the officer, in opposition to the find, ing of the jury.
The act provides, that “when a sheHffor other officer shall summon a jury to try the fight of property, he shall give ten days’ previous notice of the day of sale, to the party claiming the property, if in the county, if not, then to his agent or attorney, if any such there he; and should the claimant not succeed in establishing the property to be his, the sheriff or other officer, as the case may be, shall sell the property, and not be liable to any suit upon account of such sale,’’ &c.
Were the case of property taken under attachment admitted to come within the operation of this act, we shoiild accord in opinion with the circuit court, that the circumstance of the jury impanneled by the constable, failing to agree and rendering no verdict, absolved the constable from any liability on account of the *131 gaje. For as there was no finding in favor of.the claim. apt, and in consequence of the disagreement of the jury there could be none, he must be admitted to have failed in establishing the property to be his ; and the act expressly enjoins it on the officer, in case the claimant fails in establishing the property to be his, to sell the property, and declares that he shall not be liable to any suit upon account of such sale.
Neither at common law, fef® ia^eypro. vision, has an officer exesuedbya justice of the p¡ea^tej0aem. p'Smei a jury to enquire into the right att^edei-’ atheronexecutingthe “^“á^^ther period”
The verdict of a jury in no protection to the officer,
3. But we suppose the act ought not to be construid to apply to cases of attachment. From the peculiar phraseology of the act, it is not to be inferred that the Legislature intended either to confer upon officers any new right to summon juries, to fry the right of property, or to enable them to sanctify their own tortious and illegal acts, by calling and impanne'lling a jury, in cases where, by the then existing law, a jury could not have been impannelled by them,
The act imparts no new grant,of power to the officer to summon juries ; it is not that the officer may in all cases summon juries ; but it provides, that when a sheriff, or other officer, shall summon a jury, &c. that is, when acting within his legitimate province, the officer shall, according to the existing law, summon j-ury to try the right of property; and if on the trial that fight, the claimant shall fail to establish his claim, the officer shall sell, and on account of that sale no action shall lie against him.
But we are aware of no existing law at the passage of the act alluded to, which authorised officers to im. pannel juries to enquire into the right of property ta. ken under attachments. Where under writs of fieri facias, it became necessary for the officer not only to seize property, hut also, to expose the same to sale ; the officer according to the principles of the common law, was tolerated to call a jury to enquire into the right of property taken in execution; but attachments against absconding debtors were unknown to the common law, and were never understood to confer upon the officer executing them, the same authority as a writ of fieri facias. The officer is as much bound to seize effects under an attachment, as he is under a fieri facias ; but after the property is seized, its analogy to afi. fa. ceases. The attachment is returned to the proper court, and instead of selling the effects taken as under a fi'fq. the return of the officer barely fur *132 nishes matter for the court to pronounce judgment against the absconding debtor, and in satisfaction of the judgment, and not under any authority conferred by the attachment is the property taken, sold.
The instructions of the court, are therefore incorrect, and thejudgment must consequently he reversed with costs, the cause remanded to that court, and further proceedings there had, not inconsistent with this opinion.